## Seventh Ave. Assoc. v Herrara

2025 NY Slip Op 31949(U)

June 2, 2025

Supreme Court, New York County

Docket Number: Index No. 652990/2023

Judge: Arthur F. Engoron

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. ARTHUR F. ENGORON                     PART               37
                                              *Justice*

-----------------------------------------------------------------X

SEVENTH AVENUE ASSOCIATES,                       INDEX NO.         652990/2023

                              Plaintiff,         MOTION DATE       12/20/2024

                                                 MOTION SEQ. NO.       001
              - v -

EDUARDO FEDERICO HERRARA, DOMINICK
AGOSTINO,                                        **DECISION + ORDER ON
                                                 MOTION**

                              Defendants.

-----------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43,

were read on this motion for                     SUMMARY JUDGMENT                 .

Upon the foregoing documents, and for the reasons stated hereinbelow, plaintiff's motion for summary judgment is granted.

Background
On November 5, 2011, plaintiff, as landlord, and non-party Varocco Maiden, LLC, as tenant ("Tenant"), entered into a commercial lease agreement (the "Original Lease") for the ground floor store located at 3-7 Maiden Lane, New York, NY, whereby Varocco Maiden, LLC, became the tenant of the ground floor store only. NYSCEF Doc. No. 2. On March 19, 2019, plaintiff and Tenant entered into a first amendment of the lease (the "First Amendment"), wherein an adjacent store was added to the lease (the "Premises"). NYSCEF Doc. No. 3. In October 2021, plaintiff and Tenant entered into a second amendment of the lease (the "Second Amendment"). NYSCEF Doc. No. 4. (The Original Lease, First Amendment, and Second Amendment are collectively hereafter known as the "Lease.")

Simultaneously with executing the Lease, defendants Eduardo Federico Herrara and Dominick Agostino executed Good Guy guarantees (the "Guarantees"), under which they both "unconditionally and absolutely" guaranteed Tenant's obligations, including, inter alia, rent and additional rent. NYSCEF Doc. No. 5.

Plaintiff alleges that Tenant failed to pay rent and additional rent from July 1, 2022 through May 31, 2023 and that Tenant owes $114,235.64 through May 31, 2023, and accruing. NYSCEF Doc. No. 1.

On January 12, 2023, based upon Tenant's default, plaintiff commenced a summary non-payment proceeding against Tenant in New York City Civil Court, New York County, entitled Seventh

652990/2023  SEVENTH AVENUE ASSOCIATES vs. HERRARA, EDUARDO FEDERICO ET AL          Page 1 of 4
Motion No.  001

<u>Ave. Assocs. v Varocco Maiden, LLC d/b/a Pronto Pizza</u>, Index No. LT-301025-23/NY (the "Non-Payment Proceeding").

On June 22, 2023, plaintiff commenced the instant action against defendants, seeking $114,235.64 jointly and severally, plus interest, by filing a complaint with the following three causes of action: (1) breach of guaranty; (2) account stated; and (3) attorney's fees. NYSCEF Doc. No. 1.

On November 7, 2023, defendant Herrara answered with a general denial and six affirmative defenses. NYSCEF Doc. No. 9.

On October 3, 2024, a money judgment (the "Prior Judgment") for $169,432.36 was entered against Tenant in the Non-Payment Proceeding. NYSCEF Doc. No. 15.

On December 20, 2024, plaintiff moved: (1) pursuant to CPLR 3212, for summary judgment against Herrara only with respect to its first and third causes of action and to dismiss Herrara's first, second, third, fourth and sixth affirmative defenses; (2) pursuant to CPLR 3025(b) and (c), deeming the complaint amended to conform to the proof, reflecting the amount due to be $169,432.36, based upon the Prior Judgment. NYSCEF Doc. No. 12.

In support, plaintiff asserts, inter alia, that there are no material issues of fact as to Herrara's liability under the Guaranty or the amount due to plaintiff. NYSCEF Doc. No. 37.

In opposition, Herrara contends that the Lease was terminated in December 2023, and that the Prior Judgment amount plaintiff is seeking includes rent that came due after the Lease terminated, and that he is not responsible for Tenant's post-termination obligations. NYSCEF Doc. Nos. 39, 40.

In reply and further support, plaintiff notes that the Prior Judgment represents the outstanding amount accruing up to Tenant's March 5, 2024 vacate date (the date on which the City Marshal evicted Tenant from the Premises). NYSCEF Doc. No. 41. Plaintiff argues that it is of no consequence that the Lease terminated and that Tenant became a month-to-month tenant, as the Guaranty still applies. <u>Id.</u> Plaintiff cites ¶ 2 of the Guaranty, which states that the guarantor unconditionally and absolutely guarantees:

> 2. The full, prompt and complete payment of all monetary obligations of tenant to landlord, after the termination and expiration of the lease term, by reason of tenant's continued occupancy of the Demised Premises (or the continued occupancy of the Demised Premises by anyone holding under or through tenant) including but not limited to 'use and occupancy' and any payments due in connection with any month-to-month tenancy, if any that may arise through and including the vacate date[.] NYSCEF Doc. No. 5.

Additionally, plaintiff argues that the December 2023 stipulation of settlement between itself and Tenant in the Non-Payment Proceeding, contrary to Herrara's contention, falls within the parameters of the Guaranty. NYSCEF Doc. No. 43. Plaintiff notes that the Guaranty states that it "shall not be affected or impaired... by any deferral, waiver, settlement or release of Tenant's obligations under the Lease." NYSCEF Doc. No. 5.

Discussion
This Court grants the branch of plaintiff's motion, pursuant to CPLR 3025(b) and (c), deeming the complaint amended to conform to the proof.

Pursuant to CPLR 3212, "[t]he proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case." Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 (1985). "As to guarantor's liability, a landlord seeking summary judgment against a guarantor satisfies its initial evidentiary burden by proving the existence of an absolute and unconditional guaranty, a debt owed by tenant to landlord, and guarantor's failure to pay under the agreement." 1140 LLC v Meis Studio Inc., 225 AD3d 516, 516 (1st Dept 2024). Once that burden is met, the opponent must tender evidence in admissible form "sufficient to require a trial of material questions of fact on which he rests his claim ...mere conclusions, expressions of hope or unsubstantiated allegations or assertions are insufficient." Zuckerman v City of New York, 49 NY2d 447, 562 (1980).

This Court finds that defendant Herrara's opposition fails to raise any triable issues of material fact.

Plaintiff has made a prima facie showing of its entitlement to summary judgment as to its first cause of action, breach of guaranty, by submitting, inter alia: the summons and complaint (NYSCEF Doc. No. 31); the Lease (NYSCEF Doc. No. 17); Herrara's Guaranty of the Lease (NYSCEF Doc. No. 30); the Prior Judgment (NYSCEF Doc. No. 15); the rent ledger (NYSCEF Doc. No. 29); and an attorney affirmation in support of the motion, attesting to the facts of the instant action, including the Guaranty, the debt owed by Tenant, and Herrara's failure to pay (NYSCEF Doc. No. 41). Plaintiff's second cause of action is dismissed as duplicative.

This Court has considered Herrara's various remaining arguments and defenses and finds them to be unavailing and/or non-dispositive.

Conclusion
Thus, the motion of plaintiff, Seventh Avenue Associates, for summary judgment is granted as to defendant Eduardo Federico Herrara, only, and Herrara's affirmative defenses are hereby dismissed; the Clerk is hereby directed to enter judgment in favor of plaintiff and against defendant Eduardo Federico Herrara, only, in the amount of $169,432.36, plus statutory interest from October 3, 2024 (the date of the Prior Judgment).

It is further ordered that plaintiff's request for attorney's fees is hereby severed, and plaintiff may obtain an inquest into said fees by presenting the Clerk with a Note of Issue with Notice of Inquest, a copy of this Decision and Order, and any necessary fees. Unless plaintiff files such

652990/2023 SEVENTH AVENUE ASSOCIATES vs. HERRARA, EDUARDO FEDERICO ET AL Page 3 of 4
Motion No. 001

3 of 4

[* 3]

Note of Issue within 30 days from the date of this Decision and Order, this case will be automatically marked "disposed." Plaintiff can schedule the inquest by contacting chambers at SFC-Part37@nycourts.gov, within 15 days of filing the Note of Issue.

HON. ARTHUR F. ENGORON

__6/2/2025__
DATE

ARTHUR F. ENGORON, J.S.C.

| CHECK ONE: | | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|---|---|---|---|---|
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

652990/2023   SEVENTH AVENUE ASSOCIATES vs. HERRARA, EDUARDO FEDERICO ET AL        Page 4 of 4
Motion No.  001

4 of 4